```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:02-cr-18-FtM-29DNF

WILLIAM RICHARD ROGERS
_____

**OPINION AND ORDER**

  This matter comes before the Court on defendant's Petition to Modify Restitution Order (Doc. #80), Motion for Appointment of Counsel (Doc. #81), and Motion to Proceed in Forma Pauperis (Doc. #82), all filed on May 24, 2007. The government filed a Response in Opposition (Doc. #83) on June 4, 2007, to which defendant filed a Reply (Doc. #84) on June 20, 2007.

**I.**

  Defendant William Richard Rogers (defendant or Rogers) and his co-defendant Anthony Arden Beckett were charged in a First Superceding Indictment (Doc. #13) with conspiracy to violate the Hobbs Act and with a substantive violation of the Hobbs Act in connection with the robbery of a Brinks armored car guard. Both defendants pled guilty pursuant to separate Plea Agreements, both of which provided that each defendant would "make full restitution to any victim of the offenses." (Docs. #46, p. 3; #51, p. 3.)

  On October 7, 2002, defendant Rogers was sentenced to 135 months imprisonment as to each count, to be served concurrently,

three years supervised release, and restitution totaling $28,727.22. (Doc. #68.) Defendant Rogers was ordered to pay restitution "joint and several" with his co-defendant, Anthony Arden Beckett. (Doc. #68, p. 6.) Defendant Rogers was "ordered to begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied. While in custody you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon your release from custody you shall adhere to a payment schedule as set forth in the Schedule of Payments." (Id. at p. 5.) Upon defendant Roger's release from imprisonment he is to make "monthly payment of restitution in an amount equal to the total amount of restitution due as of the date of defendant's release from imprisonment divided by 36." (Id. at p. 6.) No direct appeal of the sentence was filed.

Co-defendant Beckett was sentenced to 115 months imprisonment, three years supervised release, and restitution of $28,787.22 jointly and severally with defendant Rogers. (Doc. #67.) The other restitution-related terms were identical to those imposed on defendant Rogers.

Defendant Rogers now seeks modification of the restitution portion of the criminal judgment. Defendant asserts that he has been making regular payments towards the restitution while incarcerated, but cannot determine the exact amount he has paid. Defendant also asserts that to the best of his knowledge his co-

defendant (and a non-party Michael David Forman) has never contributed to the restitution debt. Defendant asserts that this places an unfair burden on him, and asks the Court to modify the restitution order to specifically state the amount he is obligated to pay, with the remaining amount being the responsibility of the co-defendant and Forman. Defendant also asserts that he has experienced a change in his ability to compensate the victims. Defendant states that he has been dependent upon his mother for support since being incarcerated, but she has been arrested and has her own legal problems and is now unable to contribute to his financial needs.

**II.**

Defendant does not now, and never has, disputed the total amount of restitution in this case. Rather, in essence defendant asks the Court to recalculate the amount of restitution <u>he</u> is required to pay. The government asserts that the Court lacks jurisdiction to modify the restitution order to apportion an amount to defendant Rogers and an amount to the others.

The Eleventh Circuit does not treat the situation as raising a jurisdictional question. In <u>Cani v. United States</u>, 331 F.3d 1210 (11th Cir. 2003) the court faced the situation where the defendant failed to challenge the calculation of restitution at sentencing or on direct appeal, and failed to demonstrate exceptional circumstances that would excuse this failure. The <u>Cani</u> court found that under these circumstances a defendant waived his right to

challenge the amount of restitution; the court also found the district court's dismissal (for lack of jurisdiction) to be incorrect, and construed it as a denial. Cani, 331 F.3d at 1213 n.1. Thus, the court found that jurisdiction existed, but held that such a defendant loses the right to advance a challenge to the amount of restitution. See also United States v. Keys, 138 Fed. Appx. 251 (11th Cir. 2005). Therefore, the Court rejects the government's argument that it lacks jurisdiction to consider defendant's request.

At the time of sentencing, the Court had the option of apportioning an amount to each defendant or requiring each defendant to be responsible for the entire amount. 18 U.S.C. § 3664(h)("If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.") The Court chose to make each defendant liable for payment of the full amount of restitution, as each had agreed in his respective Plea Agreement, jointly and severally. This was clearly authorized and, under the facts, appropriate. United States v. Odom, 252 F.3d 1289, 1299 (11th Cir. 2001)("a defendant convicted of participation in a conspiracy is liable not only for his own acts, but also those reasonably foreseeable acts of others committed in furtherance of the conspiracy."), cert. denied, 535

U.S. 1058 (2002); United States v. Obasohan, 73 F.3d 309, 311 (11th Cir. 1996)("[A] district court does not exceed its authority by ordering a defendant to pay restitution for losses which result from acts done in furtherance of the conspiracy of which the defendant is convicted.")  Defendant did not object to the imposition of joint and several liability, even when asked by the Court if there were any objections to the sentenced as imposed. (Doc. #79, p. 28.)  Defendant did not take an appeal of the sentence.  Defendant has not shown exceptional circumstances, indeed any circumstances, which would excuse the failure to object at sentencing or to appeal the restitution order. Accordingly, the Court finds that defendant has waived or lost his right to advance a challenge to the amount of restitution for which he is responsible.

**III.**

Defendant also seeks a modification of the restitution order based upon changed circumstances, i.e., the inability of his mother to provide financial support while defendant is incarcerated.  The Court has jurisdiction to consider such a request pursuant to 18 U.S.C. § 3664(k), and the government does not assert otherwise. Section 3664(k) requires a defendant to notify the court of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."  The Court may then "adjust the payment schedule . . . as the interests of justice require."  18 U.S.C. § 3664(k).  Such an adjustment is

only appropriate, however, if there is a "*bona fide* change in the defendant's financial condition" that affects his ability to pay restitution. Cani, 331 F.3d at 1215 (citing 18 U.S.C. § 3664(k)).

In imposing restitution and the schedule of payments, the Court did not rely upon any source of income from defendant's mother. The Presentence Report did not indicate any such income, and apparently it occurred only during defendant's incarceration. Thus, defendant's economic circumstances have not changed in any way since the imposition of his sentence, and his present financial status is no different from that contemplated by the court at the time of sentencing. Cani, 331 F.3d at 1216.

Additionally, no specific schedule of payments was set for the time period defendant is incarcerated. Rather, the Criminal Judgment states: Defendant shall "begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied. While in custody you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon your release from custody you shall adhere to a payment schedule as set forth in the Schedule of Payments." (Doc. #68, p. 5.) Thus, there is nothing to adjust under § 3664(k) while defendant is incarcerated.

**IV.**

The Court denies defendant's request for court-appointed counsel. Defendant has no Sixth Amendment right to counsel in a

post-conviction challenge.  E.g., Coleman v. Thompson, 501 U.S. 722, 755-57 (1991); Barbour v. Haley, 471 F.3d 1222, 1227-28 (11th Cir. 2006), cert. denied, 127 S. Ct. 2996 (2007).  Nothing in this case establishes that fundamental fairness requires an appointed attorney, e.g., Pennsylvania v. Finley, 481 U.S. 551 (1987), so there is no entitlement to appointed counsel as a matter of due process.  A defendant in a criminal case has a statutory right to appointment of counsel which includes "ancillary matters appropriate to the proceedings."  18 U.S.C. § 3006A(c).  This has been interpreted, however, as referring to those matters involved in defending the principal criminal charges, and not to post-conviction proceedings.  United States v. Reddick, 53 F.3d 462, 464 (2d Cir. 1995); United States v. Whitebird, 55 F.3d 1007, 1010-1011 (5th Cir. 1995).  These cases also hold that the Court has the discretion under § 3006A(c) to appoint counsel in appropriate matters.  In exercising its discretion a court typically considers the type and complexity of the matter, whether the *pro se* litigant is capable of adequately presenting his case, whether he is in a position to adequately investigate the matter, and whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence or in cross-examination.  E.g., Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990).  Here, none of the factors favors appointment of counsel.  The post-conviction request is simple and straight forward, other than perhaps the jurisdictional argument which the Court has

resolved in defendant's favor. Defendant was capable of adequately presenting his case, and the Court has accepted his factual representations as being true and correct. All the facts regarding defendant's financial change are within his knowledge, the Court has accepted these facts as true, and defendant is simply not entitled to the relief he seeks. Because the matter is being resolved on an uncontroverted record, there is no need for skills beyond those possessed by defendant and there is no conflicting evidence which has been considered. The Court, in the exercise of its discretion, therefore denies defendant's request for counsel.

Accordingly, it is now

**ORDERED**:

1. Defendant's Petition to Modify Restitution Order (Doc. #80) is **DENIED.**

2. Defendant's Motion for Appointment of Counsel (Doc. #81) is **DENIED.**

3. Defendant's Motion to Proceed in Forma Pauperis (Doc. #82) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of July, 2007.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Michelland
William Richard Rogers